# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

LORETTA LIDDELL, *et al.*,

    Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION
OF FLINT, REGINA SOBRINO, *et al.*,

    Defendants.
_____/

CASE NO. 07-CV-10745

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the petition fails to state a claim upon which relief can be granted.

### II.    REPORT

#### A.    Introduction

This case was referred to the undersigned Magistrate Judge for pretrial case management on March 1, 2007. On March 20, 2007, Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted. After screening the complaint, I conclude that the case is ready for report and recommendation.

**B.     Screening Requirement**

Federal law requires the Court to screen all civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[1]  Pursuant to this statute, the Court must *sua sponte* dismiss a case without affording the plaintiff an opportunity to amend if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (Courts "have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal.  If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint.")

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).  When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).  Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (I)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a "complaint must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. App'x 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### C. Plaintiff's Claims

Plaintiff filed the instant action on behalf of herself and her six minor children whom she states have been "taken away from her for life." (Dkt. 2 at 1.) As defendants she names Regina Sobrino of the Social Security Administration ("SSA") in Flint, Michigan; Linda S. McMahon of the SSA in Saginaw, Michigan; Marianne Udow of the Department of Human Services in Lansing, Michigan; and the Saginaw County Department of Human Services. Plaintiff's pleading is entitled a "Petition for Observation Hearings and Action Under Civil Rights 18 U.S.C.A. 241." (*Id.*) She asserts that she is an African-American mother of six whose relatives "took arms" with the state and local government defendants to "deprive the mildly mentality [sic] impaired petitioner of her children, and beneficiary claims." (*Id.*) She alleges that "the Defendant has stated 'that African-American families need realization,'" a statement that she claims shows motivation to discriminate on the basis of race. (*Id.*) She contends that Defendants thus violated her First, Fourth, Fifth and Fourteenth Amendment rights and asks the Court to issue a "certificate of cause" under 18 U.S.C. § 241. That federal statute provides as follows:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

3

> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured –
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241.

### D.    Discussion

The United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction."[2] In this case, Plaintiff seeks relief under the federal law codified at 18 U.S.C. § 241. Not every federal statute, however, gives rise to a private right of action in federal court. Furthermore, although *pro se* complaints are to be construed liberally, *see Haines, supra,* courts are not to infer a cause of action based upon the facts alleged when a complaint clearly states a claim under a different cause of action. *See Bogovich v. Sandoval*, 189 F.3d 999, 1001-02 (9th Cir. 1999) (district court improperly construed *pro se* complaint alleging only an ADA violation as

---

[2]The other type of original federal district court jurisdiction is diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. Diversity jurisdiction does not apply in this case because all parties are residents of Michigan. In addition, since this case is not premised on diversity grounds, the domestic relations exception to federal court jurisdiction does not apply. *See* 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3609 (2d ed. West, WESTLAW through 2007 Supp.).

stating a § 1983 claim). "'[T]he party who brings a suit is master to decide what law he will rely upon.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n.7, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716 (1913)).

In *Kelly v. Rockefeller*, 69 Fed. App'x 414 (10th Cir. 2003), the plaintiff brought suit under 18 U.S.C. §§ 241 and 245 against the hospitals and doctors who cared for his mother prior to her death, alleging that she received inadequate medical treatment because of her race. The district court granted the defendants' motion to dismiss for failure to state a claim, and the Tenth Circuit Court of Appeals affirmed, stating:

> The district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for private civil causes of action. *See Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) (noting § 241 does not authorize a private right of action); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (same); *see generally Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986) (holding that private citizens cannot compel enforcement of criminal law).

*Id.* at 415-16. The same holds true in this case – 18 U.S.C. § 241 does not give rise to a private civil cause of action as Plaintiff here seeks to bring forward. Thus, I suggest that the case is subject to *sua sponte* dismissal because the allegations in Plaintiff's petition fail to state a claim under a viable legal theory. *See Mezibov*, 411 F.3d at 716.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

5

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E. Binder*
                                                    CHARLES E. BINDER
Dated: March 22, 2007                         United States Magistrate Judge

### **CERTIFICATION**

    I hereby certify that this Report And Recommendation was electronically filed this date, served on Loretta Liddell by first class mail, and served on District Judge Ludington in the traditional manner.

Date:  March 22, 2007                    By    s/Jean L. Broucek
                                                    Case Manager to Magistrate Judge Binder