UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORETTA LIDDELL, parent of D.L., J.V.R., L.L.D.,
L.L.D., P.R.L., P.R.L., minors; D. L., a minor child
by Loretta Liddell, parent; J.V.R., a minor child
by Loretta Liddell, parent; L.L.D., a minor child
by Loretta Liddell, parent; L.L.D., a minor child
by Loretta Liddell, parent; P.R.L., a minor child
by Loretta Liddell, parent; P.R.L., a minor child
by Loretta Liddell, parent;

       Plaintiffs,

                              Case Number 07-10745-BC
v.                              Honorable Thomas L. Ludington

SOCIAL SECURITY ADMINISTRATION
of Flint, Regina Sobrino; SOCIAL SECURITY
ADMINISTRATION of Saginaw, Linda S. McMahon;
DEPARTMENT OF HUMAN SERVICES
of Lansing, Marianne Odow; DEPARTMENT
OF HUMAN SERVICES of Saginaw,

       Defendants.
_____ /

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING
PLAINTIFFS' OBJECTIONS, DISMISSING THE CASE,
AND DIRECTING THE CLERK TO RESTRICT THE ELECTRONIC DISPLAY
OF PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
PETITION, AND MEDIA NOTICE**

       This matter is before for the Court on a report issued by Magistrate Judge Charles E. Binder on March 22, 2007, recommending that the case be *sua sponte* dismissed with prejudice for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

       On February 20, 2007, Plaintiffs, Loretta Liddell and her six minor children, filed "Petition for Observation Hearings and Action Under Civil Rights 18 U.S.C.A. 241." Quoting precisely from her petition, she stated that she "is the African-American mother of the minor children listed taken

away from her for life, where petitioner relatives tooken arms with executive members of the Saginw County and State of Michigan agency as Defendants in this matter, incorporated to deprive the mild mentality impaired petitioner of her children, and beneficary claims. Cause, due to executive vindictived actions against the petitioner in light of a 2001 spouse incident." She also asserted, "Defendant has stated 'that African-Americans families need realization,'" a quote which she alleges seems to be "race motivated." She then requested relief under 18 U.S.C. § 241. Plaintiff Liddell also included the names, social security numbers, and birth dates of the six minor children in her application to proceed *in forma pauperis*, her petition, and her subsequent "media notice."

On March 1, 2007, the Court referred the case for all pretrial matters to the magistrate judge. He granted her application to proceed *in forma pauperis* and then issued his report and recommendation. 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss a case, filed by a party proceeding *in forma pauperis,* at any time if the action fails to state a claim on which relief can be granted. Here, because the criminal statute asserted by Plaintiff Liddell does not give rise to a private right of action, the magistrate judge recommended dismissing the case.

Plaintiff Liddell timely filed objections to the magistrate judge's report and recommendation. In response to the magistrate judge's conclusion that she had not stated a claim on which relief could be granted, Plaintiff Liddell responded with a variety of concerns. Among others, her objections appear to be to the legitimacy of proceeding before the magistrate judge, and she seeks to alert the Court to her interest in the welfare of foster children and racial equality. Even construed liberally, these objections do not specifically identify a failure in the magistrate judge's analysis. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991) (citation omitted). Rather, the Court is persuaded by the reasoning of the magistrate judge. Thus, Plaintiff Liddell's objections

are overruled, the magistrate judge's report and recommendation are adopted, and the case will be dismissed with prejudice.

Additionally, Administrative Order No. 05-AO-025, Re: Privacy Protection for Civil Filings Made with the Court - Compliance with E-Government Act [44 U.S.C. §§ 3601, *et seq*.] (Dec. 8, 2005), imposes requirements on parties in civil cases to ensure privacy protection. Specifically, this administrative order prohibits parties in civil cases from including social security numbers, a minor's name, or birth dates in a Court filing. Here, three of Plaintiff Liddell's filings include such information. In the interest of protecting the privacy of her minor children, the Court will restrict the public viewing of Plaintiffs' application to proceed *in forma pauperis*, petition, and media notice until further order of the Court.

Plaintiffs are further directed that Court filings should not include social security numbers, full names of minors, or full birthdates. *See* Admin. Ord. No. 05-AO-025. If a filing must include certain private information at all, the filing should be redacted to list only the last four digits of a social security number, only the initials of a minor, and only the year of birth. *Id*.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #6] is **ADOPTED**, Plaintiffs' objections [dkt #7] are **OVERRULED**, and the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the Clerk is **DIRECTED** to restrict the electronic display of Plaintiffs' application to proceed *in forma pauperis* [dkt #1], petition [dkt #2], and media notice [dkt #8].

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS